LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
MAR 12 2007
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
FEB 28 2007
MARY L.M. MORAN
CLERK OF COURT



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00004 |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | AMENDED PLEA AGREEMENT |
| LINDA G. AGUERO, | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, LINDA G. AGUERO, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count IV and V of an Indictment charging her with Dealing in Firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and Section 2, and Dealing in Explosive Materials Without a License, in violation of 18 United States Code, Section 842(a)(1) and 18 United States Code, Section 2. The Government will move to dismiss Counts VIII, IX and X at time of sentencing.

2. The defendant, LINDA G. AGUERO, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of the possession, receipt, and distribution of firearms or ammunition, and related unlawful activities, including the

1

disposition of profits from and assets relating to such activities. She agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that she does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses which she reveals to Federal authorities.

3. The defendant, LINDA G. AGUERO, understands and agrees that any and all assets or portions thereof acquired or obtained by her as a direct or indirect result of illegal receipt, possession, transportation, or trafficking in firearms, ammunition or explosives, or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property.

4. The defendant, LINDA G. AGUERO, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if called upon to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in unlawful firearm and related activities, her knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through unlawful firearm or explosive activities or the use of such assets or conveyances to further such unlawful activities. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

5. The defendant, LINDA G. AGUERO, understands that the <u>maximum</u> sentence for Dealing in Firearms is five years imprisonment pursuant to 18 U.S.C. 924(a)(1), and the

maximum sentence for Explosive Materials is ten years imprisonment pursuant to 844(a)(1), and a $250,000 fine/ for each offense. Any sentence imposed shall include a term of supervised release of at least 3 years in addition to such terms of imprisonment, as well as such restitution as the court may order and a $200.00 special assessment fee. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release, thereby resulting in the additional incarceration of defendant for not more than two (2) years.

The total special assessment fee of $200.00 must be paid immediately upon sentencing. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt. If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration legally available under the applicable statutes and Sentencing Guidelines. If defendant does not fully cooperate as set forth in Paragraphs 2, 3, and 4, the government will recommend a sentence of incarceration within the applicable statutes and Guidelines range it may deem appropriate.

6. If defendant provides full, truthful, and substantial assistance to investigating federal agencies, the government will move the Court, as provided by Section 5K1.1, United States Sentencing Guidelines, hereinafter USSG, and 18 U.S.C. Section 3553(e), for a downward departure from the Guidelines and the statutory minimum sentence. Defendant understands the following:

> (a) At or before the time of sentencing, the United States will advise the Court of any assistance provided by defendant in the prosecution of another person who has committed a criminal offense. It is understood and agreed that a motion for departure shall not be made, under any circumstances, unless defendant's cooperation is "substantial." The United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

- 3 -

(b) The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U.S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

(1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

(3) the nature and extent of defendant's assistance;

(4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and,

(5) the timeliness of any assistance provided by defendant.

© It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

7. The defendant understands that to establish a violation of Dealing in Firearms, the government must prove each of the following elements beyond a reasonable doubt:

First: the defendant was wilfully engaged in the business of dealing in firearms, specifically a Norinco Rifle, Model SKS, 7.62 x 39 caliber, serial number 210031520, within the dates specified in the indictment;

Second: the defendant did not have a license as a firearms dealer; and

Third: the firearms were shipped or transported in interstate commerce.

The defendant understands that to establish a violation of Dealing in Explosive Materials Without a License, the government must prove each of the following elements beyond a reasonable doubt:

First: the defendant was willfully engaged in the business of dealing in explosive materials, specifically commercial blasting/detonating caps and pest control devices, within the dates specified in the indictment

Second: the defendant did not have a license, permitting her to act as a dealer in explosive materials.

8. The defendant understands that the United States Probation Office will calculate

- 4 -

a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts she stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

    a. The defendant was born in 1967 and is a citizen of the United States.

    b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, such information should not be used in determining the applicable guidelines range.

    c. On April 14, 2005, in the District of Guam, the defendant LINDA G. AGUERO engaged in the business of dealing in firearms without a license to do so. LINDA G. AGUERO wilfully sold a firearm, specifically a Nornico Rifle, Model SKS, 7.62 x 39 caliber, Serial number 210031520, to another person and received U.S. Currency in exchange. At the time LINDA G. AGUERO sold the Nornico SKS rifle, she did not have a license to do so.

Between February 25, 2005 and April 14, 2005, in the District of Guam, the defendant LINDA G. AGUERO dealt in explosive materials, specifically five Pest Control Devices/California Seals and three commercial blasting/detonating caps. Defendant LINDA G. AGUERO sold the commercial blasting/detonating caps and Pest Control Devices to another person. The commercial blasting/detonating caps and the Pest Control Devices/California Seals are regulated explosive devices. At the time LINDA G. AGUERO sold the explosive, she did not have a license to do so. *See page 8, line 22.

    d. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing

Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

9. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise.

10. The defendant understands that her sentencing may be continued, at the discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

11. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from her criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any

- 6 -

objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. Her right to be represented by an attorney;

    c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

    e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendation of the government or her counsel;

    f. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

    g. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    h. That she has read the plea agreement and understands it.

//
//
//

- 7 -

Case 1:07-cr-00004    Document 36    Filed 03/12/2007    Page 7 of 8

I. The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 2/27/07

LINDA G. AGUERO
Defendant

DATED: 2/27/07

JOAQUIN C. ARRIOLA, JR.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 2/27/07      By:

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 2/13/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

*The defendant agrees that the explosives and gun were transported in interstate or foreign commerce. The defendant also agrees that she devoted time, attention and labor to dealing in firearms and explosives as a regular course of business with the principal objective of profit through the repetitive purchase and resale of firearms and explosives.

- 8 -