JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730-33
TELECOPIER: (671) 477-9734



**FILED**
DISTRICT COURT OF GUAM

SEP 1 8 2007

JEANNE G. QUINATA
Clerk of Court

Counsel for Defendant *LINDA G. AGUERO*

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. CR07-00004 |
| ) | |
| Plaintiff, ) | |
| vs. ) | **DEFENDANT LINDA G. AGUERO'S** |
| ) | **OBJECTIONS TO PRESENTENCE** |
| LINDA G. AGUERO, ) | **INVESTIGATION REPORT** |
| ) | |
| Defendant. ) | |
| _____ ) | |

COMES NOW Defendant LINDA G. AGUERO, through counsel Arriola, Cowan & Arriola, by JOAQUIN C. ARRIOLA, JR., and objects, pursuant to Rules 32(f) of the Federal Rules of Criminal Procedure, to the Presentence Investigation Report submitted on September 4, 2007. Defendant Aguero objects to the sentencing guideline range contained in the PSR, specifically to (1) being described as a "prohibited person" at the time of the offenses she has pled guilty to; and (2) the upward departure for possessing explosive material "in connection with another felony offense".

Dated at Hagåtña, Guam: September 18, 2007.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant *Linda G. Aguero*

for _____
JOAQUIN C. ARRIOLA, JR.

# MEMORANDUM

## I. AGUERO OBJECTS TO THE SENTENCING GUIDELINE RANGE CONTAINED IN THE PRESENTENCE INVESTIGATION REPORT.

### 1. Aguero was not a "prohibited person" at the time of the instant offenses.

The sentencing guidelines provide that the base offense level is fourteen (14) for a violation of 18 U.S.C. § 922(a)(1)(A) and 924(a)(1)(D) and sixteen (16) for a violation of U.S.C. § 842(a) "if the defendant (A) was a prohibited person at the time the defendant committed the instant offense." U.S.S.G. §§ 2k1.3(a)(4), 2k2.1(a)(6). Otherwise, the base level for either offense would be twelve (12). U.S.S.G. §§ 2k1.3(a)(5), 2k2.1(a)(7).

Aguero objects to the PSR identifying her base level as 14 for Count IV and 16 for Count V because she was not a "prohibited person" at the time of the offenses. The guidelines provide that "[f]or purposes of subsection (a)(4), "prohibited person" means any person described in 18 U.S.C. § 842(i). A "prohibited person", therefore, is any person "who is an unlawful user of or addicted to any controlled substance". 18 U.S.C. § 842(i). The guidelines only permit an upward departure if the defendant was a prohibited person **at the time the defendant committed the instant offense**. U.S.S.G. §§ 2k1.3(a)(4), 2k2.1(a)(6).

There is no evidence that Aguero was an unlawful user of or addicted to any controlled substance at the time of the instant offenses. As the PSR correctly states, the offenses that Aguero pled guilty to are said to have occurred on February 25, 2005 and April 14, 2005. The factual basis for Count IV is recited as follows:

> First: the defendant was willfully engaged in the business of dealing in firearms, specifically a Nornico Rifle, Model SKS, 7.62 x 39 caliber, serial number 210031520, within the dates specified in the indictment;
> Second: the defendant did not have a license as a firearms dealer; and
> Third: the firearms were shipped or transported in interstate commerce.

The factual basis for Count V is recited as follows:

> First: the defendant was willfully engaged in the business of dealing in explosive materials, specifically commercial blasting/detonating caps and pest control devices within the dates specified in the indictment; and
>
> Second: the defendant did not have a license permitting her to act as a dealer in explosive materials.

Nothing in the PSR supports a finding that Aguero was an unlawful user of a controlled substance on either of those dates and she did not plead to such a factual finding. Aguero did test positive for drug use in January, 2007. This does not, however, establish that she was an unlawful user of a controlled substance at the time of the instant offenses.

Furthermore, there is no evidence that Aguero is or was ever addicted to any controlled substance. Section 842(i) references 21 U.S.C. § 802 which provides that "[t]he term 'addict' means any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction." 21 U.S.C. § 802(1). Aguero tested positive for drug use on January 12, 2007, the day of her initial appearance. Since then, she has not had a single positive testing. Aguero has clearly demonstrated that she has possesses self-control with respect to drug use testing and the PSR does not provide any basis to conclude otherwise.

Based on the foregoing, Aguero was not a "prohibited user" and, therefore, the PSR should be corrected changing Aguero's base offense level to twelve (12) for both Count IV and V.

**2.    Aguero did not possess explosive material in connection with the commission of another felony offense.**

The sentencing guidelines provide for an upward departure if a defendant uses or possesses any explosive material in connection with another felony offense. U.S.S.G. § 2k1.3(b)(3). The PSR

increased Aguero's offense level by four (4) levels based on the finding that she possessed explosive material in connection with another felony offense, to wit, selling marijuana.

Again, Aguero never pled to any conduct that supports a finding she possessed explosive materials in connection with the commission of another offense. The factual basis for the plea cited above is all she pled to. The Ninth Circuit Court of Appeals has addressed what the government must demonstrate in order to show that a defendant used or possessed a firearm "in connection with another felony offense." United States v. Routon, 25 F.3d 815 (9th Cir. 1994)(interpreting U.S.S.G. § 2k2.1(b)(5)). In Routon, the court held that possession of a firearm alone was not sufficient to establish that the firearm had been used in connection with another felony. "Instead, to the extent that the government relies upon physical possession, it **must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated-i.e., had some potential emboldening role in-a defendant's felonious conduct.**" Id. at 819 (emphasis added)(citing United States v. Perez, 989 F.2d 111, 115 (9th Cir. 1993); United States v. Torres-Medina, 935 F.2d 1047, 1048 (9th Cir. 1991)). Although Aguero's offense involves explosives rather than firearms, the defense submits that the reasoning is applicable because the court in Routon was interpreting a section that contained the exact language found in U.S.S.G. § 2k1.3(b)(3) and both sections provide for an upward departure of four (4) levels. Applying the standard set forth in Routon, there is **no evidence** that Aguero possessed or used explosives in order to facilitate the sale of marijuana. Furthermore, as stated above, Aguero never pled to any facts that support a finding that she possessed explosives in connection with another felony. Possession of explosives standing alone is insufficient to support a finding that Aguero used or possessed explosives in connection with another felony and, therefore, Aguero's offense level should be adjusted accordingly.

## CONCLUSION

Aguero was not a prohibited user at the time of the instant offenses and did not possess explosives in connection with another felony so her base offense level for Count IV and V should be twelve (12). As the PSR indicates, Aguero has demonstrated an acceptance of responsibility for her criminal conduct and qualifies for a three (3) level decrease of her offense levels. Aguero therefore has a total offense level of nine (9) and falls within the guideline range of Zone B.

Dated at Hagåtña, Guam: September 18, 2007.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant *Linda G. Aguero*

for JOAQUIN C. ARRIOLA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, a copy of the Defendant Linda G. Aguero's Objections to Presentence Investigation Report was served upon the following, via hand delivery:

ROSETTA L. SAN NICOLAS, ESQ.
Assistant U.S. Attorney
Office of the United States Attorney
Criminal Division
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910

UNITED STATES PROBATION OFFICE
520 W. Soledad Avenue
Hagåtna, Guam 96910

Dated at Hagåtña, Guam: September 18, 2007.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant *Linda G. Aguero*

for JOAQUIN C. ARRIOLA, JR.