**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730-33
TELECOPIER: (671) 477-9734

Counsel for Defendant *LINDA G. AGUERO*

FILED
DISTRICT COURT OF GUAM
JAN 0 3 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. **CR07-00004** |
| Plaintiff, ) | |
| vs. ) | **DEFENDANT LINDA G. AGUERO'S** |
| ) | **SUPPLEMENTAL SENTENCING** |
| LINDA G. AGUERO, ) | **MEMORANDUM** |
| Defendant. ) | |

COMES NOW Defendant LINDA G. AGUERO, through counsel Arriola, Cowan & Arriola, by JOAQUIN C. ARRIOLA, JR., and submits the attached Supplemental Memorandum re: Prohibited Person.

### MEMORANDUM OF POINTS AND AUTHORITIES

The defendant, Linda Aguero, was charged and has plead guilty to one count of engaging in the business of firearms, without a license, and one count of engaging in the business of explosive materials. The Pre-sentence Investigation Report (PSR) applies a base offense level of **14** (18 U.S.C. § 922(a)(1)(A)) and **16** (U.S.C. § 842(a)), respectively, applying an upward departure to Ms. Aguero, as a "prohibited person". U.S.S.G. §§ 2k1.3(a)(4), 2k2.1(a)(6). Consequently, a huge disparity is

created in the advisory sentence for the guilty plea in this case. Absent a finding beyond a reasonable doubt, base level for either offense would be **12**. U.S.S.G. §§ 2k1.3(a)(5), 2k2.1(a)(7). This is a disparity of up to 17 months!

Aguero objects to the PSR identifying her base level as 14 for Count IV and 16 for Count V, as there is insufficient evidence to prove beyond a reasonable doubt that she was a "prohibited person" at the time of the offenses. The U.S.S.G. provide that "[f]or purposes of subsection (a)(4) 'prohibited person' means any person described in 18 U.S.C. § 842(i). A "prohibited person", therefore, is any person "<u>who is an unlawful user of or addicted to any controlled substance</u>". 18 U.S.C. § 842(i). The guidelines only permit an upward departure if the defendant was a prohibited person at the time the defendant committed the instant offense. U.S.S.G. §§ 2k1.3(a)(4), 2k2.1(a)(6).

In defining "an unlawful user of or addicted to any controlled substance," the Ninth Circuit Court of Appeals held that this is a person one who takes drugs with "regularity, over an extended period of time, and contemporaneously" with the offense charged. United States v. Purdy, 264 F.3d 809, 813 (9th Cir. 2001). Essentially, in order for the Court to permit a sentencing enhancement herein, the Government must prove that defendant Aguero took marijuana on a "regular basis" over years, and that she smoked marijuana "contemporaneously" and "close in time" to her possession of the firearms and explosive materials. None of the evidence before the Court in this case comes close to the findings of various circuits finding the elements of "regularity" and "contemporaneous[ness]."

/ / /

/ / /

### The Evidence is Insufficient and Unreliable in Finding Beyond A Reasonable Doubt that Aguero was a "Prohibited Person" at the time of the instant offenses.

The primary evidence proffered by the Government and Probation Office is a four-level hearsay statement purportedly made by Linda Aguero, who told her husband, who told the Confidential Informant, and who told the Government of her smoking marijuana. Specifically, the Government contends:

> The Confidential Informant who performed the controlled buy purchased two firearms and a $50.00 bag of marijuana from defendant's spouse Peter Aguero. The amount of marjiuana was less than agreed. The Confidential Informant informed the A.T.F. Agents that Peter Aguero stated that his wife Linda Aguero smoked some of the marijuana. P.S.R. Page 6, paragraph 25.

Belatedly, the Government in its Sentencing Memorandum filed December 19, 2007, also refers the Court to a statement made by Linda Aguero and recorded by a Confidential Informant. Government's Sentencing Memorandum, p. 2, lines 6-9. However, assuming the truth and reliability of the scant evidence of Aguero's alleged drug use, the evidence is insufficient to establish beyond a reasonable doubt that Linda Aguero "took drugs with regularity, over an extended period of time, and contemporaneously" engaging in the business of dealing in firearms and explosive materials. United States v. Purdy, 264 F.3d 809, 813 (9th Cir. 2001).

In Purdy, the defendant told the agents that he used marijuana, and "everybody knew it." 265 F.3d at 811. Upon Purdy's arrest, and the search of the residence, where he lived alone, the agents seized a glass pipe containing methamphetamine residue. The Government presented further evidence from Purdy's friend that she had known Purdy for four years, and in that time had smoked marijuana once a month with him and weekly took cocaine with him; his friend further testified that two days before the agents seized the firearms in his residence, she and Purdy smoked

methamphetamine together. The factual circumstances of Purdy's drug use were found to be both regular and contemporaneous with his firearms possession. Purdy. 264 F.3d 813.

The Government relies on one four-level hearsay statement that Linda Aguero smoked some of the marijuana, at an unidentified time to establish that defendant Aguero is a "prohibited user." The Government then offers the recorded statement of defendant Aguero on March 29, 2005 that she smokes marijuana to corroborate and lend liability to the hearsay statement. Importantly, the Government is attempting to piggy-back the hearsay statement to the recorded statement of defendant Aguero, not to establish regularity, but to show that the hearsay statement is has a minimal indicia of reliability. However, neither statement, either taken together or considered alone, establish the requisite regular and contemporaneous factors required to find defendant Aguero to be a "prohibited user." Purdy.

There is no evidence that Aguero was an unlawful user of or addicted to any controlled substance at the time of the instant offenses. As the PSR correctly states, the offenses that Aguero pled guilty to are said to have occurred on February 25, 2005 and April 14, 2005. The factual basis for Count IV is recited as follows:

> First: the defendant was willfully engaged in the business of dealing in firearms, specifically a Nornico Rifle, Model SKS, 7.62 x 39 caliber, serial number 210031520, within the dates specified in the indictment;
> Second: the defendant did not have a license as a firearms dealer; and
> Third: the firearms were shipped or transported in interstate commerce.

The factual basis for Count V is recited as follows:

> First: the defendant was willfully engaged in the business of dealing in explosive materials, specifically commercial blasting/detonating caps

> > and pest control devices within the dates specified in the indictment; and
>
> Second: the defendant did not have a license permitting her to act as a dealer in explosive materials.

Nothing in the PSR supports a finding that Aguero regularly used marijuana years prior to those dates, or contemporaneous to those dates; neither did she plead to such a factual finding. Although Aguero tested positive for drug use in January, 2007, this fact alone or in conjunction with the hearsay statements do not give rise to "regular" and "contemporaneous" use required to enhance the sentence as a prohibited user.

Furthermore, there is no evidence that Aguero is or was ever addicted to any controlled substance. Section 842(i) references 21 U.S.C. § 802 which provides that "[t]he term 'addict' means any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction." 21 U.S.C. § 802(1). Based on the foregoing, Aguero was not a "prohibited user" and, therefore, the PSR should be corrected changing Aguero's base offense level to twelve (12) for both Count IV and V.

Notably, the plea agreement relieves the Government of its obligations to prove facts beyond a reasonable doubt for the charged offense. The plea enables to Government to forego proof at public trial, and proof of the confidential informant. In the interest of fairness and justice, the Government should not be permitted to enhance defendant Aguero's sentence based on unreliable evidence they would not be permitted to use at trial.

## CONCLUSION

Aguero was not a prohibited user at the time of the instant offenses and did not possess explosives in connection with another felony so her base offense level for Count IV and V should be twelve (12). As the PSR indicates, Aguero has demonstrated an acceptance of responsibility for her criminal conduct and qualifies for a three (3) level decrease of her offense levels. Aguero therefore has a total offense level of nine (9) and falls within the guideline range of Zone B.

Dated at Hagåtña, Guam: January 3, 2008.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant *Linda G. Aguero*

_____
JOAQUIN C. ARRIOLA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2008, a copy of the Defendant Linda G. Aguero's Objections to Presentence Investigation Report was served, via hand delivery, upon the following:

>ROSETTA L. SAN NICOLAS, ESQ.
>Assistant U.S. Attorney
>Office of the United States Attorney
>Criminal Division
>Suite 500, Sirena Plaza
>108 Hernan Cortez Avenue
>Hagåtña, Guam 96910

>UNITED STATES PROBATION OFFICE
>520 W. Soledad Avenue
>Hagåtna, Guam 96910

Dated at Hagåtña, Guam: January 3, 2008.

>ARRIOLA, COWAN & ARRIOLA
>Counsel for Defendant *Linda G. Aguero*
>
>_____
>JOAQUIN C. ARRIOLA, JR.